UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GLOVER MILL, LLC | : | |
| 150 Himmelein Rd | : | |
| Medford, NJ  08055 | : | CIVIL ACTION |
| | : | |
| v. | : | No. |
| | : | |
| THE BOROUGH OF HADDON HEIGHTS | : | |
| 625 Station Avenue | : JURY TRIAL DEMANDED | |
| Haddon Heights, NJ  08035 | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Glover Mill, LLC, hereby demands judgment against defendant Borough of Haddon Heights upon the following causes of action.

## I.     NATURE OF THE ACTION

1.     Plaintiff brings this civil action pursuant to §§107 and 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§9607; the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-233.11 to 23.24 ("Spill Act"); the Industrial Site Recovery Act ("ISRA"), N.J.S.A. 13:1K-6 to 33; and the common law, for cost recovery, contribution, indemnification and common law damages with respect to costs or damages incurred, or to be incurred, by plaintiff as a result of the discharge by defendant of hazardous substances at a site located in the Borough of Haddon Heights and transferred to plaintiff by the Borough of Haddon Heights and the failure of defendant to remediate the site in the manner prescribed by Federal and New Jersey law.

II.  **JURISDICTION**

2.     This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. Section 1331 and CERCLA at 42 U.S.C. §9613(b).  This Court has supplemental jurisdiction over plaintiff's claims under the Spill Act, ISRA, and the common law pursuant to the provisions of 28 U.S.C. §1367(a) and under the principles of supplemental jurisdiction.

III.  **PARTIES AND FACTUAL BACKGROUND**

3.     Plaintiff, Glover Mill, LLC is a limited liability organized under the laws of the State of New Jersey with its principal place of business located at 150 Himmelein Rd, Medford, NJ  08055.

4.     Defendant, the Borough of Haddon Heights ("Borough") is a municipality of the State of New Jersey with its municipal office located at 625 Station Avenue, Haddon Heights, NJ 08035.

5.     When used herein "site" refers to certain lands located in the Borough of Haddon Heights in the County of Camden in the State of New Jersey identified as Block 62, Lots 2 and 6 on the Borough tax maps.  The Borough owned the site at all times relevant hereto until it transferred ownership to plaintiff as set forth hereinafter.

6.     Prior to 1987 the Borough operated a sewage treatment facility on the site.  In 1987 the Borough dismantled the sewage treatment plant and thereafter utilized the property for the storage and maintenance of commercial vehicles for the Haddon Heights Department of Public Works.

7.     Sometime prior to December 16, 2010 the Borough issued a request for bids for the purchase and development of the site.  In its request for bids the Borough stated that the

property had been the former site of a sanitary sewer plant operated by the Borough but that the sewage plant had been shut down and dismantled under the guidance of the New Jersey Department of Environmental Protection ("NJDEP") and that a No Further Action letter ("NFA") had been issued by NJDEP.

8.      As of December 16, 2010 the Borough entered into a contract for the purchase of land with Bob Meyer Communities, Inc.  The agreement provided, inter alia, that the Borough was responsible to remediate the existing soil and ground water contamination on the site.

9.      The contract of sale also provided, among other representations and warranties, that "Until 1987, the property also housed a raw sewer plant site that processed all sewage from the Borough.  The sewage plant was shut down and dismantled under the guidance of the NJDEP and an NFA was issued."

10.     The contract of sale provided that Bob Meyer Communities, Inc. could assign its rights under the contract without approval from the Borough.  In accordance with that provision, Bob Meyer Communities, Inc. assigned its rights to the contract to plaintiff Glover Mill, LLC.

11.     Subsequently, plaintiff completed the purchase of the property from the Borough and by deed dated January 23, 2014 the Borough transferred ownership of the property to the plaintiff.

12.     Beginning in April of 2014, the plaintiff began to develop the property for the construction of residential homes.

13.     During the course of the construction activity at the property the plaintiff discovered concrete structures buried beneath the surface soils.  The Borough had been aware of these structures prior to transferring the property to plaintiff but did not disclose their existence.

14.     It appeared that the concrete structures were associated with the sewage treatment plant which had formerly existed on the property and which the Borough had represented and warranted had been dismantled under the guidance of the NJDEP.

15.     Additionally, it was discovered that other construction debris, apparently from building demolition, had been buried at the site.  The existence of this debris was known to the Borough, but had been concealed from the plaintiff.

16.     Plaintiff subsequently learned that the sewage treatment plant had not been dismantled under the guidance of the NJDEP and contrary to defendant's representation and warranty the NJDEP had not issued an NFA.

17.     Upon discovery of the buried structures at the site plaintiff retained Marathon Engineering and Environmental Services, Inc. ("Marathon") to prepare a remedial investigation report and remedial action report for the site.

18.     Marathon completed a remedial and investigation for the site in accordance with the provisions of NJAC 7:26E-5.4, et seq.  Marathon reported to plaintiff that the ground and fill surrounding the covered structures was contaminated and that a remediation plan was required. Plaintiff retained Marathon to prepare a remedial action plan.

19.     Marathon determined that the soils and other fill materials needed to be excavated and disposed of offsite at an environmentally secure land fill.

20.     Subsequently, plaintiff undertook to excavate, transport and properly dispose of the material at substantial cost and expense.

21.     Marathon monitored plaintiff's compliance with the remediation plan and on June 17, 2015 issued its report concluding that the remediation had been completed and that no further action was required.

22.     In addition to the direct costs of remediation incurred by plaintiff, plaintiff has sustained damages as a result of the delay in completing the development of the project including damages for loss of use of acquisition costs, additional real estate taxes and bond costs, additional overhead and lost opportunities for other investments and additional consultant and counsel fees.

23.     Plaintiff's total damages as a result of the need to conduct remediation on the property are in excess of $1,600,000.00.

**COUNT I**

**COMPREHENSIVE ENVIRONMENTAL RESPONSE,
COMPENSATION AND LIABILITY ACT**

24.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth again.

25.     Defendant Borough is a "person" as that term is defined in CERCLA, 42 U.S.C. §9601(21).

26.     Plaintiff Glover Mill, LLC is a "person as that term is defined by CERCLA, 42 U.S.C. §9601(21).

27.     The site including any areas where hazardous substances have come to be located constitutes a "facility" under CERCLA 42 U.S.C. §9601(9).

28.     The Borough owned and operated the site at the time when hazardous substances were discharged at the site.

29.     The Borough is a "covered person" under §107(a) of CERCLA, 42 U.S.C. §9607(a) with respect to the site because defendant owned the site at the time of disposal of hazardous substances, defendant operated the site at the time of disposal of the hazardous substances and defendant arranged for disposal of hazardous substances at the site.

30.     The waste that defendant discharged into the soil at the site contained contaminants or hazardous substances as those terms are defined under CERCLA.

31.     The discharge by defendant of hazardous substances and contaminants into the soil at the site constitutes a "release" and "threatened release" under CERCLA 42 U.S.C. §9601(22).

32.     Plaintiff has incurred response costs that are consistent with the National Contingency Plan 40 C.F.R. Part 300, including but not limited to the costs of investigating this site and the costs of remediation.

33.     Defendant is liable to plaintiff under CERCLA §107(a) 42 U.S.C.§9607(a) for the response costs that have been incurred with respect to the site.

WHEREFORE, plaintiff Glover Mill, LLC demands judgment against defendant Borough of Haddon Heights for compensatory damages in excess of the Court's jurisdictional limits, together with interest, costs and attorney's fees.

## COUNT II

## THE NEW JERSEY SPILL COMPENSATION AND CONTROL ACT

34.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth again.

35.     Plaintiff and defendant are "persons" within the meaning of N.J.S.A. 58:10-23.11(b).

36.     The Spill Act, N.J.S.A. 58:10-23.11(g)(c)(1) imposes liability without regard to fault for all cleanup and removal costs no matter by whom incurred on any person who has discharged a hazardous substance or is any way responsible for any hazardous substance.

37.     Defendant either discharged or was responsible for the discharge of hazardous substances on the site.

38.     Defendant is liable under the Spill Act for all cleanup and removal costs incurred by the plaintiff and all damages incurred by plaintiff as a result of the need to remediate the site.

WHEREFORE, plaintiff Glover Mill, LLC demands judgment against defendant Borough of Haddon Heights for compensatory damages in excess of the Court's jurisdictional limits, together with interest, costs and attorney's fees.

## COUNT III

## INDUSTRIAL SITE RECOVERY ACT

39.     Plaintiff incorporates by reference the preceding paragraphs 1 through 37 as if fully set forth again.

40.     The Industrial Site Recovery Act ("ISRA"), N.J.S.A. 13:1K-6-14 requires that owners and operators of industrial establishments demonstrate that the property is environmentally sound as a pre-condition to sale or transfer of the property or the cessation of activities.

41.     Defendant ceased operating the site as a sewage treatment plant in 1987 but failed to comply with the requirements of ISRA that it investigate and demonstrate that the property was environmentally sound.

42.     Defendant failed to obtain a no further action letter from NJDEP prior to the termination of the operation of the sewage treatment plant on the site.

43.     Defendant also failed to investigate and remediate the property prior to transfer of the property to the plaintiff in violation of ISRA.

44.     Defendant's failure to perform the appropriate remediation and obtain NJDEP approval prior to termination of the sewage treatment plant and transfer of the property to plaintiff entitles plaintiff to recover damages for which defendant is strictly liable without regard to fault for all remediation costs and for all direct and indirect damages resulting from the failure to comply with ISRA.  N.J.S.A. 13:1K-13(a).

45.     The damages sustained by plaintiff as set forth heretofore are a result of the defendant's failure to comply with its obligations under ISRA.

WHEREFORE, plaintiff Glover Mill, LLC demands judgment against defendant Borough of Haddon Heights for compensatory damages in excess of the Court's jurisdictional limits, together with interest, costs and attorney's fees.

## COUNT IV

## FRAUD AND INTENTIONAL MISREPRESENTATION

46.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth again.

47.     The representation and warranty by the defendant in the request for bids and subsequently in the contract of sale that the sewer plant which had been located at the site had been shut down and dismantled under the guidance of the NJDEP and that a no further action letter had been issued by the NJDEP were material representations of fact which were a substantial inducement to plaintiff going forward with the purchase of the property.

48.     The former sewer plant located at the property was not properly dismantled, the NJDEP did not monitor the dismantling of the sewer plant and a no further action letter was never issued by the NJDEP.

49.     Plaintiff reasonably and justifiably relied upon the representations made by the defendant.

50.     In addition, the Borough disposed of contaminated material on the site and failed to disclose that fact to the plaintiff.  At the time that the Borough made these representations concerning the status of the site the Borough knew that the representations were false.

51.     Due to the fraudulent representations made by the Borough, the plaintiff has incurred substantial damages as set forth previously.

52.     Defendant knew or recklessly disregarded the likelihood that defendant's misrepresentations and failure to disclose material facts regarding the site would cause plaintiff to incur serious damages and acted with malice or a wanton and willful disregard of plaintiff's interest, thereby warranting the imposition of punitive damages.

WHEREFORE, plaintiff Glover Mill, LLC demands judgment against defendant Borough of Haddon Heights for compensatory and punitive damages in excess of the Court's jurisdictional limits, together with interest, costs and attorney's fees.

## COUNT V

## NEGLIGENT MISREPRESENTATION

53.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth again.

54.     Defendant failed to exercise due care to determine the truth of the representations and warranties made to the plaintiff and plaintiff's assignor as asserted previously.

55.     Plaintiff reasonably and justifiably relied upon the representations and warranties made by defendant.

56.     As a result of defendant's negligent misrepresentations, plaintiff sustained damages as set forth previously.

WHEREFORE, plaintiff Glover Mill, LLC demands judgment against defendant Borough of Haddon Heights for compensatory damages in excess of the Court's jurisdictional limits, together with interest, costs and attorney's fees.

**COUNT VI**

**BREACH OF CONTRACT AND EXPRESS WARRANTY**

57.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth again.

58.     The contract of sale specifically warranted that the sewage plant previously operated by the defendant on the property had been "dismantled under the guidance of the NJDEP and that an NFA was issued."  This warranty was false when made.

59.     The contract of sale specifically required the Borough to pay costs of any remediation required as a result of contamination at the property.

60.     The Borough refused to pay the costs of remediation incurred by the plaintiff.

61.     The Borough's failure to pay the costs of remediation is a breach of contract.

62.     Plaintiff has incurred substantial damages as set forth previously as a result of defendant's breach of contract and express warranty.

WHEREFORE, plaintiff Glover Mill, LLC demands judgment against defendant Borough of Haddon Heights for compensatory damages in excess of the Court's jurisdictional limits, together with interest, costs and attorney's fees.

FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP

___s/ Thomas Martin_____
EZRA WOHLGELERNTER
THOMAS MARTIN
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP

_____s/ Thomas Martin_____
THOMAS MARTIN
Attorney for Plaintiff

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP

___s/ Thomas Martin_____
THOMAS MARTIN
Attorney for Plaintiff

11